UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY EMMETT DAMRON,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON COUNTY, TEXAS; HOUSTON COUNTY SHERIFF'S DEPARTMENT; JUDGE CLYDE BLACK; JUDGE DWIGHT L. PHIFER; JUDGE SARAH TUNNELL CLARK; KRISTINA MASSEY; DEPUTY RANDY HARDGROVE; DEPUTY RYAN MARTIN; DEPUTY JERRY KAELIN; LYNETTE SESSION; DONNA GORDAN KASPAR; DAISY HERNANDEZ; TERRI MEADOWS; GWEN WOMACK; CALYSSA WOMACK; ACE BAIL BONDS; SHANNA GLAWSON; CARRIE RUTH ANN SMITH; N&N BONDING; and JIM NEEL;<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-665-XR |

**ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (ECF No. 31) and Plaintiff's objections thereto (ECF No. 34). The Report and Recommendation recommends that Plaintiff's claims be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B), and that he be required to show cause why his remaining claim should not be transferred to the Eastern District of Texas, Lufkin Division, under 28 U.S.C. § 1406(a). After careful consideration, the Court will adopt the Report and Recommendation and overrule all objections.

**Legal Standard**

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, a party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**Background**

The Magistrate Judge thoroughly discussed the background of this case and the applicable law. *See* ECF No. 31 at 2–8. Broadly, the claims in Plaintiff's Second Amended Verified Complaint (ECF No. 30) arise from his October 16, 2019, drug possession arrest in Houston County and the events leading to the prosecutor's dismissal of charges in January of 2026. Plaintiff asserts claims against six groups of defendants: (1) Municipal Defendants (Houston County and the Houston County Sheriff's Office); (2) Judicial Defendants (Judges Black, Phifer, and Clark); (3) a Prosecutorial Defendant (Houston County Assistant District Attorney Massey); (4) Law Enforcement Defendants (Deputies Hardgrove, Martin, and Kaelin); (5) Court Staff Defendants

(Session, Kaspar, Hernandez, Meadows, G. Womack, and C. Womack); and (6) Private Defendants (Ace Bail Bonds, Glawson, Smith, N&N Bonding, and Neel). Plaintiff raises claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)–(d), as to all Defendants; substantive claims under 42 U.S.C. § 1983 as to specific subsets of Defendants; and § 1983 conspiracy claims as to all individual Defendants.

The Magistrate Judge recommends that all of Plaintiff's claims—with the exception of his § 1983 claim against Defendant Deputy Kaelin for false arrest—be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). He further recommends that Plaintiff be ordered to show cause why the Court should not transfer the only remaining claim to the Lufkin Division of the Eastern District of Texas under 28 U.S.C. § 1406(a).

**Analysis**

Plaintiff raises eight specific objections to the Report and Recommendation. *See* ECF No. 34 at 2–16. The Court addresses each of those objections below and conducts a *de novo* review of the portions of the Report to which Plaintiff has specifically objected.

**<u>Plaintiff's Objection No. 1</u>**

Plaintiff objects to the Magistrate Judge's conclusion that Defendant Judge Clark is entitled to judicial immunity for issuing orders after she recused from the underlying state prosecution against Plaintiff. ECF No. 34 at 2. Plaintiff argues that Judge Clark's actions in signing and issuing orders after formally recusing cannot be protected by judicial immunity, because "orders issued after a judge's formal recusal are issued in the complete absence of jurisdiction, not merely in excess of it." *Id.*

Plaintiff's first objection is overruled. The doctrine of judicial immunity is broad and shields judicial actions by judges after recusal. *See, e.g.*, *Kemp ex rel. Kemp v. Perkins*, 324 F.

App'x 409, 413 (5th Cir. 2009) (rejecting an argument that a judge's appointing a special judge after recusal was not protected by judicial immunity and explaining that, while the judge's act was in excess of his jurisdiction, he did not act wholly in the absence of jurisdiction); *see also Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (extending judicial immunity to a judge who sentenced a defendant to death after the judge was recused from the case, because the recusal "d[id] not suffice to support the contention that [the judge] acted outside the scope of his judicial role such that he lost his absolute immunity"). Thus, even taking as true Plaintiff's allegation that Judge Clark issued orders after recusal, Clark is entitled to judicial immunity for the reasons explained by the Magistrate Judge. Judge Clark's post-recusal orders—including a failure-to-appear order, a capias warrant, and several continuance orders—were quintessential judicial acts "performed in the exercise of [Judge Clark's] judicial functions." *See Yan v. Texas*, No. 4:24-cv-579-O-BP, 2025 WL 726582, at *7 (N.D. Tex. Jan. 16, 2025), *report and recommendation adopted*, No. 4:24-CV-579-O-BP, 2025 WL 725267 (N.D. Tex. Mar. 6, 2025).

**<u>Plaintiff's Objection No. 2</u>**

Plaintiff objects to the recommendation that Defendant Judge Phifer is entitled to absolute judicial immunity and argues that the Magistrate Judge "misframes Plaintiff's claim as a generic 'failure to recuse' claim, when in fact Plaintiff alleges a structural due process violation . . . arising from a judge's continued exercise of authority against a litigant who is concurrently suing him as a federal civil-rights defendant." ECF No. 34 at 2–3. In his Second Amended Verified Complaint, Plaintiff frames his due process claim by asserting that Judge Phifer created "an irreconcilable conflict of interest" by continuing to preside over Plaintiff's criminal proceedings after Plaintiff sued him in federal court. ECF No. 30 ¶ 13.

Plaintiff's second objection is overruled. Using the label of "structural due process" or

"irreconcilable conflict of interest" does not defeat the protection of judicial immunity. *See* ECF No. 34 at 3; ECF No. 30 ¶ 13. Indeed, "judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ceasar v. Methvin*, No. CV 6:17-00476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)), *report and recommendation adopted*, No. CV 6:17-00476, 2017 WL 2509655 (W.D. La. June 8, 2017). Any alleged bias or conflict of interest caused by Plaintiff suing Judge Phifer while he presided over Plaintiff's prosecution does not pierce the judicial immunity shield. *See Salinas v. Ramirez*, No. 2:24-CV-00168, 2024 WL 5442798, at *5 (S.D. Tex. Dec. 10, 2024) (finding "Plaintiff cannot surmount the hurdle of absolute judicial immunity" by asserting the judge denied him bail based on a personal "conflict of interest"), *report and recommendation adopted*, No. 2:24-CV-00168, 2025 WL 673447 (S.D. Tex. Mar. 3, 2025).

Accordingly, Defendant Judge Phifer is entitled to judicial immunity.

**Plaintiff's Objection No. 3**

Plaintiff objects to the recommendation that Defendant Massey is entitled to prosecutorial immunity. ECF No. 34 at 3. Plaintiff argues that Massey's prosecutorial immunity does not apply, because Massey "caused [Plaintiff's] continued seizure . . . by maintaining prosecution after the evidentiary basis collapsed[.]" *Id.* Plaintiff further asserts that Massey should not be protected by prosecutorial immunity, because she allowed the prosecution to move forward despite the "reasonably discoverable" deficiencies in the case and the "knowingly fabricated" affidavit used to secure Plaintiff's original arrest warrant. *Id.* at 9; ECF No. 30 ¶ 15.

Plaintiff's third objection is overruled. A *de novo* review of the Second Amended Verified Complaint leads to the same conclusion made by the Magistrate Judge—Plaintiff's only

allegations of misconduct against Massey are that 1) she did not dismiss the criminal charges sooner and 2) she offered a plea deal in August of 2025, which Plaintiff claims was a "tacit admission that the case had no prosecutorial value." ECF No. 30 ¶ 15. But, as the Magistrate Judge correctly pointed out, both actions—or inaction, in the case of the failure to dismiss charges—are quintessential prosecutorial functions protected by immunity. *See McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) ("The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function."); *Wearry v. Foster*, 33 F.4th 260, 269–70 (5th Cir. 2022) ("A plea negotiation—in which charging, sentencing, and other purely prosecutorial decisions are bargained for—is quintessentially advocatory in function."). Thus, the Magistrate Judge correctly concluded that Plaintiff's claims against Massey based on her decision not to dismiss charges sooner and on her plea offer should be dismissed based on prosecutorial immunity. *See* ECF No. 31 at 12–13.

Critically, Plaintiff's insinuations of Massey's bad faith in not dismissing charges sooner do nothing to weaken Massey's protection.[1] *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) ("Wilful or malicious prosecutorial misconduct is egregious by definition, yet prosecutors are absolutely immune from liability for such conduct if it occurs in the exercise of their advocatory function."); *see also Ethridge v. Paris Police Dep't*, No. 4:22-CV-413, 2024 WL 4267928, at *4 (E.D. Tex. Sept. 23, 2024) ("Thus, Plaintiff's claims . . . based on allegedly using evidence from an 'illegal' arrest, using evidence from an 'illegal' incarceration, and for failing to dismiss charges that occurred during Plaintiff's incarceration are subject to [Rule 12(b)(6)] dismissal based on

[1] The Court notes that prosecutors do not enjoy absolute immunity for conspiring to create false evidence. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). However, Plaintiff's Second Amended Verified Complaint contains no well-pleaded allegations that Massey personally participated in the creation of the allegedly false probable cause affidavit. At most, Plaintiff alleges that Massey should have "reasonably discover[ed]" the deficiencies in the case and thus dismissed the case sooner than January 28, 2026. *See* ECF No. 30 ¶ 15.

prosecutorial immunity."); *Algoe v. Texas*, No. 3:15-CV-1162-D, 2016 WL 6902154, at *2, *8 (N.D. Tex. Sept. 29, 2016) (finding that a complaint's allegations that county prosecutors "failed to provide [the plaintiff] with requested discovery before the trial, failed to sufficiently establish the required elements for the traffic violation," and "colluded and conspired to deprive him of his rights" were insufficient to overcome absolute prosecutorial immunity), *report and recommendation adopted*, No. 3:15-CV-1162-D, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016). Massey also does not lose protection based on Plaintiff's claim that Massey knew the charges "had no prosecutorial value." ECF No. 30 ¶ 15. That a prosecutor knows or should have known of a case's evidentiary weaknesses or even that a case is utterly baseless does not change the fact that the decision to dismiss charges is a purely advocatory function protected by prosecutorial immunity. *See Washington v. Burley*, 930 F. Supp. 2d 790, 798 (S.D. Tex. 2013) (holding that a prosecutor was "entitled to absolute immunity for filing charges against Washington even if, as Washington alleges and the Court must assume to be true for purposes of a Rule 12 motion, he acted maliciously and knew that the charges were baseless").

Accordingly, Defendant Massey is entitled to prosecutorial immunity.

**Plaintiff's Objection No. 4**

Plaintiff objects to the recommended dismissal of his RICO claims against the Court Staff Defendants. ECF No. 34 at 3. Plaintiff claims that the Magistrate Judge erred in applying a heightened pleading standard under Federal Rule of Civil Procedure 9(b) and argues that such application is "inconsistent with liberal construction of pro se pleadings[.]" *Id.*

Plaintiff's fourth objection is overruled. While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to

harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Accordingly, Plaintiff's *pro se* status does not rid him of the ordinary requirement to meet the heightened pleading standard of Rule 9(b) when asserting fraud as an underlying RICO act. There is ample case law properly subjecting *pro se* complaints to the specificity requirements of Rule 9(b) when alleging fraud. *See, e.g.*, *Foxx v. My Vintage Baby, Inc.*, 624 F. App'x 318, 319 (5th Cir. 2015) ("Because [*pro se*] Foxx alleged fraud, he also needed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b)."); *O'Neal v. Select Portfolio Servicing, Inc.*, No. A-25-CV-534-ADA-ML, 2026 WL 2039665, at *5 (W.D. Tex. Apr. 17, 2026) (finding "pleadings [by *pro se* plaintiff] do not contain sufficient factual specificity" under Rule 9(b)), *report and recommendation adopted*, No. 1:25-CV-534-ADA-ML, 2026 WL 2034309 (W.D. Tex. July 13, 2026); *Chavez v. Rudes*, No. 3:18-CV-2781-K (BT), 2019 WL 8267695, at *5 (N.D. Tex. Dec. 26, 2019) (finding *pro se* plaintiff's claims "do not meet the heightened pleading standard required for fraud"), *report and recommendation adopted*, No. 3:18-CV-2781-N (BT), 2020 WL 4339485 (N.D. Tex. July 27, 2020).

Here, the Magistrate Judge properly applied the Rule 9(b) pleading standard to Plaintiff's RICO claims by "requir[ing] that the plaintiff allege facts specifying each defendant's contribution to the fraud." *Santoro v. Cnty. of Collin, Tex.*, No. 4:18-CV-660-ALM-CAN, 2019 WL 5692186, at *5 (E.D. Tex. Aug. 16, 2019), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019); *see also Garcia v. Lion Mex. Consol., L.P.*, No. 5:15-CV-1116-DAE, 2017 WL 9479195, at *5 (W.D. Tex. Sept. 11, 2017) (quoting *Cypress/Spanish Ft. I, L.P. v. Prof. Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 711 (N.D. Tex. 2011)) ("[I]n alleging a RICO scheme involving mail or wire fraud, it is not necessary to assert that each defendant

personally made fraudulent mailings or wires; rather, Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud."). Upon a *de novo* review of Plaintiff's operative pleading (ECF No. 30), the Court agrees with the Magistrate Judge that Plaintiff has alleged no facts as to how each Court Staff Defendant individually contributed to accomplishing the alleged "fraudulent conversion of [his] felony to misdemeanor" or "[f]abrication of records to conceal the felony arrest." *See* ECF No. 30 at 18–19. Thus, Plaintiff's RICO claims against Defendants Session, Kaspar, Hernandez, Meadows, G. Womack, and C. Womack should be dismissed because Plaintiff has failed to plausibly allege that the Court Staff Defendants individually committed at least two acts of racketeering activity.

**<u>Plaintiff's Objection No. 5</u>**

Plaintiff objects to the Magistrate Judge's recommendation to dismiss Plaintiff's retaliatory arrest claims against the Law Enforcement Defendants. ECF No. 34 at 3. Plaintiff argues that his December 2025 arrest for failure to appear was not presumptively supported by probable cause, because the underlying capias warrant was issued by Defendant Judge Phifer after Plaintiff named Judge Phifer as a defendant in federal litigation. *Id.* Plaintiff asserts that Judge Phifer's status as a defendant in Plaintiff's unrelated federal lawsuit means that the capias warrant was "issued by a contaminated tribunal." *Id.*

Plaintiff's fifth objection is overruled. Plaintiff fails to rebut the presumption that his December 2025 arrest was supported by probable cause based on the capias warrant issued by Judge Phifer. "The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." *Terrell v. Allgrunn*, 114 F.4th 428, 439 (5th Cir. 2024) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 405 (2019)). And "a warrant presumptively establishes probable cause." *Terwilliger v. Reyna*, 4 F.4th 270, 285 n.10 (5th Cir. 2021). To be sure, the presumption of probable

cause can be attacked—but Plaintiff does not present any valid or persuasive attack on the capias warrant issued by Judge Phifer. Critically, Plaintiff does not allege that the capias warrant contained any false statement, or that the warrant was based on a facially deficient affidavit. *See id.* (explaining that the probable cause presumption may be attacked through a claim of a facially deficient warrant affidavit under *Malley v. Briggs*, 475 U.S. 335 (1986), or of intentional or reckless false statements in the affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978)). Instead of alleging the capias warrant was issued based on an insufficient affidavit or false statements, Plaintiff concedes that he failed to appear in court and simply complains that he should have been allowed to appear remotely. *See* ECF No. 30 ¶ 42. Plaintiff's disagreement with the logic or fairness of his arrest does not amount to a plausible allegation that his arrest was not based on probable cause.

Moreover, Plaintiff does not plausibly explain why the fact that he sued Judge Phifer in unrelated federal litigation rendered Phifer unable to issue valid and proper warrants that presumptively establish probable cause. Notably, "a judge is not required to recuse simply because a *pro se* litigant names the judge as a party in another lawsuit." *United States v. Perez*, No. C.A.C-10-107, 2010 WL 2160750, at *1 (S.D. Tex. May 25, 2010). Thus, Judge Phifer was not automatically required to recuse himself from presiding over the underlying state prosecution just because Plaintiff decided to sue him in federal court. Judge Phifer, instead, remained qualified and authorized to take judicial actions such as issuing the capias warrant, and Plaintiff provides no argument or allegation to convince the Court that the capias warrant failed to establish probable cause.

In sum, Plaintiff's allegation that Defendant Judge Phifer issued the capias warrant while simultaneously being named a defendant in Plaintiff's federal lawsuit does not defeat the

presumption of probable cause underlying Plaintiff's December 2025 arrest for failure to appear. Thus, Plaintiff's retaliatory arrest claim related to his December 2025 arrest fails and should be dismissed.

**<u>Plaintiff's Objection No. 6</u>**

Plaintiff objects to the recommended dismissal of his § 1983 conspiracy claims. ECF No. 34 at 3–4, 12–13. Plaintiff specifically argues that the § 1983 conspiracy claims cannot be dismissed when the report also concludes that Plaintiff has plausibly alleged a Fourth Amendment violation by Deputy Kaelin based on a false arrest. *Id.*

Plaintiff's sixth objection is overruled. Plaintiff's allegations supporting a false arrest claim against the individual Defendant Deputy Kaelin plainly do not constitute allegations that there was an agreement among the Defendants as a group to violate Plaintiff's federal civil rights. *See Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) ("[T]o establish his conspiracy claim, [plaintiff] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights."). Upon a *de novo* review of the operative pleading, the Court agrees with the Magistrate Judge's assessment that, in support of Plaintiff's conspiracy claims, "[t]he most Plaintiff offers is a single, conclusory allegation that 'Defendants conspired to deprive Plaintiff of constitutional rights.'" ECF No. 31 at 19 (citing ECF No. 30 at 22).

In addition, the Second Amended Verified Complaint does not contain plausible allegations allowing an inference of an agreement based on concerted action. To support an inference of agreement for a conspiracy claim, "concert of action must illustrate a 'conscious commitment to a common scheme designed to achieve an unlawful objective.'" *United States v. Ganji*, 880 F.3d 760, 768 (5th Cir. 2018) (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465

U.S. 752, 754 (1984)). Plaintiff's allegations do not plausibly illustrate any conscious commitment to a common scheme shared by the Defendants. Instead, Plaintiff only presents allegations of disconnected actions by Defendants, without presenting any nonconclusory facts indicating a common intent or group plan. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to plausibly allege a § 1983 conspiracy claim against any Defendant.

**Plaintiff's Objection No. 7**

Plaintiff objects to the Magistrate Judge's recommendation that he be ordered to show cause why the surviving false arrest claim should not be transferred to the Eastern District of Texas. ECF No. 34 at 4, 14–15. Among other things, Plaintiff argues that an order transferring the case to the Eastern District would be internally inconsistent, since the Eastern District previously dismissed claims in another lawsuit brought by Plaintiff as duplicative of claims pending in this matter. *Id.* at 4. Plaintiff believes that transferring the case "would re-create the duplication the Eastern District resolved by deferring to this Court." *Id.* at 14. Plaintiff additionally asserts that the Court should not transfer the case because it has already been assigned to this Court since 2021. *Id.* at 14. Plaintiff finally contends that a transfer is "procedurally premature" and that the issue of venue is "properly raised by motion, on a developed record, after the operative pleading is settled and Defendants have appeared." *Id.* at 14–15.

Plaintiff's seventh objection is overruled. First, Plaintiff's concern that transferring the remaining claim to the Eastern District would create duplication is unfounded. If the Court were to transfer the case, the case would be closed in this Court, and only the Eastern District court would be charged with resolving the false arrest claim.

Second, the fact that Plaintiff's case has been assigned to this Court since 2021 does not transform the Court into a proper venue. As explained by the Magistrate Judge, venue over the

remaining claim is proper in the district where Deputy Kaelin resides or the district where a substantial part of the events giving rise to Plaintiff's false arrest claim against Deputy Kaelin occurred. 28 U.S.C. § 1391(b)(1)–(2). The amount of time a case has spent on a court's docket simply does not factor into the venue analysis under § 1391(b). Moreover, Plaintiff's argument related to the "years of judicial investment in this Court" is not persuasive. *See* ECF No. 34 at 14. Even if the Court were to consider the amount of time this case has been pending, that consideration would not permit the case to remain in an improper venue. Instead, such a consideration of justice could only weigh in favor of the Magistrate Judge's recommendation to transfer the case rather than dismiss the action outright.[2] *See* 28 U.S.C. § 1406(a) (providing that "interest of justice" considerations allow a court to transfer instead of dismissing a case filed in an improper venue).[3]

Finally, an order of transfer would not be premature. Section 1406(a) uses mandatory language by directing that the Court "shall" dismiss a case filed in an improper venue, or "if it be in the interest of justice," transfer the case to a proper division. 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) ("[If] venue is improper . . . the case *must* be dismissed or transferred under [Section] 1406(a)." (emphasis added)). The Court does not have to wait for a motion raising improper venue to fulfill

---

[2] The Court also finds Plaintiff's emphasis on judicial investment questionable, considering that this case was administratively closed from December 10, 2021, until March 11, 2026, pending the resolution of state criminal proceedings. *See* ECF Nos. 10, 27.

[3] Plaintiff points to the age of the case, "party convenience[,]" and "interest-of-justice consideration[s]" as reasons why the case should remain in this Court. ECF No. 34 at 14. But this part of Plaintiff's argument confuses the analysis required under 28 U.S.C. § 1404(a)—governing the permissive transfer of a civil action from a proper venue to a different proper venue—with the relevant analysis under 28 U.S.C. § 1406(a). *See Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 471 n.9 (E.D. Tex. 2020) (explaining that the "analysis is not identical" between § 1404(a) and § 1406(a) and noting that "[the defendant] has confused the requirements between § 1406(a) and § 1404(a) by applying the private and public interest factors and convenience factors, which relate to § 1404(a), to this § 1406(a) issue"). Because it appears that venue in this Court may be improper and venue in the Lufkin Division of the Eastern District of Texas may be proper, the Magistrate Judge properly invoked 28 U.S.C. § 1406(a) instead of § 1404(a).

its obligation. Instead, "[a] district court may transfer a case upon a motion or *sua sponte*." *Moler v. Wells*, 18 F.4th 162, 167 n.8 (5th Cir. 2021) (quoting *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)).

Accordingly, Plaintiff must show cause why the surviving false arrest claim should not be transferred to the Eastern District of Texas.

**Plaintiff's Objection No. 8**

Plaintiff argues that the Magistrate Judge failed to address the "void-ab-initio doctrine." ECF No. 34 at 4, 15–16. Plaintiff specifically contends that, because Judge Clark's post-recusal orders and Judge Phifer's orders issued after Plaintiff named him as a defendant in a lawsuit were "void-ab-initio[,]" the Magistrate Judge erred by applying the doctrine of judicial immunity to their actions. *Id.*

Plaintiff's final objection is overruled. The doctrine of judicial immunity applies to both Judge Clark's and Judge Phifer's orders. As explained above and in the Magistrate Judge's Report, the doctrine of judicial immunity applies to scenarios when judges act after recusal. *See Kemp*, 324 F. App'x at 413. Judicial immunity also applies to scenarios when judges act after allegedly forming a conflict of interest against a party. *See Salinas*, 2024 WL 5442798, at *5. Plaintiff's presentation of a "void-ab-initio" theory does nothing to block Judge Clark's or Judge Phifer's judicial immunity.

Moreover, Plaintiff presents only conclusory and implausible allegations to explain why Judge Clark's and Judge Phifer's orders are void. Case law instructs that post-recusal orders, while perhaps issued outside of a judge's proper authority, are still not taken "wholly without jurisdiction." *See Kemp*, 324 F. App'x at 413. And, as addressed above, a judge is not disqualified solely because a party decides to sue him in another lawsuit. *Perez*, 2010 WL 2160750, at *1.

Thus, even if Plaintiff was correct that judicial immunity should not apply to void orders, he presents no plausible reason for the Court to find that the orders at issue were in fact void.

**Conclusion**

The Court ACCEPTS the Magistrate Judge's Report and Recommendation (ECF No. 31) in its entirety and OVERRULES Plaintiff's Objections (ECF No. 34). Accordingly, the Court ORDERS that all of Plaintiff's claims—with the exception of his § 1983 claim against Defendant Deputy Kaelin for false arrest—be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

As to the surviving claim, the Court ORDERS Plaintiff to show cause **within fourteen (14) days of the issuance of this Order** why the remainder of this case should not be transferred to the Eastern District of Texas, Lufkin Division. Failure to do so will result in the transfer of the remaining claim against Defendant Deputy Kaelin to the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. § 1406(a).

It is so **ORDERED**.

**SIGNED** this 8th day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE